=FILED

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ALABAMA
#### Southern Division

97 MAR -5 AM 9: 24

U.S. DISTRICT COURT
N.D. OF ALABAMA

LAMAR D. ROY,                    )
    Plaintiff(s);                )
                     )
-vs.-                            )          No. CV 95-P-2423-S
                     )
CUPRUM SA DE CV; DAVIDSON )
MANUFACTURING CORP.; DAVIDSON )
LADDERS, INC.; AND BUILDERS )
SQUARE, INC.,                    )
    Defendant(s).                )

ENTERED

MAR 0 5 1997

### OPINION

For the following reasons, the Defendants' Motion for Summary Judgment is hereby

GRANTED.[1]

### Facts

On or about July 25, 1994, the Plaintiff Lamar Roy ("Roy") was injured when the ladder

he was standing on broke. The ladder was owned by Roy's mother who had purchased it from

a former tenant, Ed Hove. Roy did not know when his mother purchased the ladder from Hove

or where Hove had originally purchased the ladder. The aluminum ladder was identified as Model

408-06 manufactured by Cuprum.

The Defendant Davidson Manufacturing ("Davidson Manufacturing") manufactures wooden

ladders. Davidson Manufacturing has never manufactured aluminum ladders. The Defendant

Davidson Ladders, Inc. ("Davidson Ladders") sells wooden ladders manufactured by Davidson

Manufacturing. In February 1991, Cuprum purchased Davidson Manufacturing and Davidson

---

1. The Plaintiff has not submitted any evidence or argument in opposition to the Defendants' Motion.

26

Ladders.[2/] After February 1991, Davidson Ladders also sold aluminum ladders manufactured by Cuprum. The Defendant Builders Square ("Builders Square") sells both Cuprum and Davidson ladders.

On February 6, 1997, by order of this Court, Defendant Cuprum was dismissed without prejudice for Plaintiff's failure to serve process on the Defendant.

### Analysis

The Plaintiff's complaint alleges violations of the Alabama Manufacturer's Liability Act, negligent design and manufacture, negligence, a failure to warn and breach of warranty. The crux of Defendants' argument is that the Plaintiff has failed to produce any evidence that Davidson Manufacturing, Davidson Ladders and Builders Square were involved in the sale or manufacture of the ladder.

Based on the undisputed evidence, Davidson Manufacturing does not manufacture aluminum ladders. Therefore, Davidson Manufacturing's Motion for Summary Judgment is due to be granted.

Based on the evidence submitted by the Defendant, the Plaintiff has failed to produce any evidence that Builders Square sold the ladder to Hove or any other person in the chain of title. Therefore, Builders Square's Motion for Summary Judgment is due to be granted.

Based on the undisputed evidence, Davidson Ladders did not sell Cuprum ladders prior to February 1991. Although Davidson Ladders has sold Cuprum ladders since February 1991, the Plaintiff has failed to produce any evidence that the ladder was purchased after February 1991.

---

2. Both Davidson Manufacturing and Davidson Ladders remain separate corporate entities.

Therefore, Davidson Ladder's Motion for Summary Judgment is hereby GRANTED.


Dated:  3-5-97

Chief Judge Sam C. Pointer, Jr.

Service List:
  Ms. Connie Ray Stockham
  Mr. D. Keith Andress
  Mr. Tom Dutton
  Mr. Chris T. Hellums

3